IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| VS. | NO.: 4:21-cr-00036-10 KGB | |
| KAREN HOSKINS | | DEFENDANT |

<u>SENTENCING MEMORANDUM</u>

COMES NOW, Defendant, Karen Hoskins, by and through her counsel, Hubert W. Alexander, and Christian C. Alexander, ALEXANDER LAW FIRM, submits the following for sentencing:

Just to remind the Court, the Plea Agreement does allow the Defendant to request a variance from the sentencing guidelines. The present case is a perfect example of the Court allowing a variance from those guidelines.

The case in summary, begins with her son, Brian Litton, absconding from pretrial release and removing his ankle monitor. The government believes the Defendant knew and cooperated, with Mr. Litton from the day he absconded. However, she only found out his location later on when she was told by Brandy Myers (another Defendant), Mr. Litton's location and that he was very sick. From that point on, the Defendant aided Mr. Litton from being detected, although he was only fifteen (15) miles away. At that point, the government expanded their interest in the Defendant which resulted in the current Amended Indictment for a role in the conspiracy, which was lead by her son, Brian Litton.

After several of the indicted co-conspirators supplied the government with information disclosing the Defendant's involvement, she plead guilty. She is to be sentenced on May 28, 2024.

All monies the government disclosed in the government's Memorandum were derived from the Defendant's history of legal gambling, her work, her husband's monies, and her son Brian Litton. The government agents, in their investigation, determined there were both illegal and legal monies. Importantly, she has admitted that the money received from her son, Brian Litton, was illegal. However, there is nothing showing Defendant participated in the moving of drugs outside of receiving monies given to her by Brian Litton, which were, admittedly, monies obtained through his ongoing conspiracy.

The pertinent factors in the Defendant's request for the Honorable Judge Baker to consider granting a variance from the guidelines are the following:

1. <u>Personal and Work History:</u>

    a) 1980 the Defendant moved to Cabot, AR and worked at the Rebsamen Medical Center in Jacksonville, AR.

    b) 1995, after her divorce, she moved to North Little Rock, AR. While working full-time in national sales for a financial businesses, she began purchasing homes to rehab/rent, including Section 8 housing. This business is Anderson Rental Properties, LLC which is still ongoing.

    c) Defendant's husband retired in 2014 from the Union Pacific

Railroad and the Defendant herself retired in 2020.

    d) Both the Defendant and her husband attend the Friendly Chapel and make donations to the church, the Soup Kitchen, and the Union Mission.

2. <u>Medical History:</u>

    a) 1990 the Defendant had a hysterectomy,

    b) 1998 her gallbladder was removed.

    c) Prior to back surgery in 2010, had many steroid injections to deaden the nerves in her back.

    d) 2010 anterior and posterior repair back surgery - removal of bond fragment, cyst, added tissue in discs and screws to add support in L4/L5.

    e) Upcoming colonoscopy based on a past history of polyps, and is required to have one every three (3) years.

    f) Deteriorating eyesight.

    g) Braces from 2018 to 2020 and is now required to wear a retainer at night.

    h) The Defendant has a family history of liver disease.

    i) The Defendant has been diagnosed with

        1) fatty liver

        2) osteopenia

        3) early stages of diabetes

      4) sinus allergies

      5) arthritis

      6) hypertension

      7) high cholesterol

3. <u>Medications:</u>

    a) Celebrex, twice a day

    b) Valsartan/HCTZ tab 160-12.5mg daily

    c) Rosuvastation 5mg tab, at night

    d) Estradiol Vaginal Cream 0.01%, twice a week

    e) Calcium 600mg, twice a day

    f) D3, twice a day

    g) Omega 3 or fish oil, daily

    h) Milk Thistle, daily

    I) Multi Vitamin, daily

    j) Antihistamine and Nasacort nasal spray, daily

    k) Clonazepam 0.5mg for anxiety

4. <u>Deterrent for others in public:</u>

The Defendant is indicted for conspiracy, however, she is not in the business of selling or dealing drugs. She is only responsible for helping her son, Brian Litton, which she has always done and continued to do since he was old enough to get in trouble. She always came to his aid, blind to his wrong doing, and willing to believe anything he told her. Truthfully, most people are not put

in this position, but if they were, they would probably have done something to stop him.  However, in some cases their love allows this conduct to continue and aids in their criminal activity. She has pled guilty to these actions.  No one knows the length they would go to for a son or daughter, until they are personally in that situation.  She is asking the Court to consider how much she loves her son, but now she is no longer blind to his actions and is fully aware of where his loyalty lies.  He has totally sacrificed his mother in exchange for a reduction of his sentence.  The Defendant simply did too much to protect her son and now she is going to pay with what the Court deems proper.

When the court is determining the need for the sentence imposed to avoid unwarranted sentencing disparities between co-defendants, the Court should look at each co-defendants actions and criminal history.  The co-defendants have been sentenced as follows:

    Brian Jeffrey Litton - 235 months imprisonment

    Robin Nelson Flanagan - 240 months imprisonment

    Gustavo Flores Jr. - 146 months imprisonment

    Patrick O'Neal Stevens - Dismissed

    Johnny Douglas Peters - Pending sentencing

    Brandi Michelle Myers - 3 years probation

    Lisa Michelle Paul - 3 years probation

    Zachary Kyle Scott - Time served

    Wayne Allen Dillon - Time Served, 3 years supervised release

Many of these people were active in the buying and selling of the narcotics involved in this conspiracy, and while Mrs. Hoskins is not without fault, the court should take into account the actions of the Defendant and compare them to the co-defendant's roles in the conspiracy and to the comparative sentences they received.

WHEREFORE, Defendant, Karen Hoskins, respectfully asks the Court to reduce her sentence from the guideline minimum of thirty-three (33) months to home detention or if the Court is inclined to an incarceration sentence to one (1) year and one (1) day.

Respectfully submitted,

Hubert W. Alexander    ABA#71001
ALEXANDER LAW FIRM
Attorney for Defendant
P. O. Box 5239
Jacksonville, AR 72078
(501) 982-0525 Telephone
(501) 982-0000 Facsimile
receptionist@alexanderlaw.comcastbiz.net